Thomson, J.,
delivered the opinion of the court.
The following is the information upon which the defendant was tried:
“ The People of the State of Colorado against
Joseph Walker.
“ Robert W. Steele, district attorney within and for the second judicial district of the state of Colorado, in the county of Arapahoe, in the state aforesaid, in the name and by the authority of the people of the state of Colorado, informs the court that Joseph Walker, on, to wit, the eighth day of October, in the year of our Lord one thousand eight hundred and ninety-two, at the county of Arapahoe aforesaid, being the keeper and proprietor of a certain saloon there situate, did then and there unlawfully have and keep in connection with and as a part of said saloon a wine room, and did then and there permit Annie McCloud and Julia Manaclan to enter into the said wine room and then and there, in the said wine room, did supply the said Annie McCloud and Julia Manaclan with certain liquors from the said saloon, the kind and quantity whereof are to the said Robert W. Steele unknown, contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the state of Colorado.”
The law upon which the prosecution was based is as follows : “ That no saloon, tippling house or dram shop shall *39 have or keep in connection with or as a part of such saloon, tippling house, or dram shop any wine room or other place either with or without doors, curtain or curtains or screen of any kind into which any female person shall be permitted to enter from the outside or from such saloon, tippling house or dram shop and there be supplied with any kind of liquor whatsoever. If any person shall be convicted of a violation of any of the provisions of this section, such person shall be fined in a sum not less than fifty dollars, nor more than two hundred and fifty dollars, or by imprisonment in the county jail not less than two months nor more than twelve months or by both such fine and imprisonment at the discretion of the court.” Session Laws, 1891, p. 815.
The arrest was made by two police officers, whose testimony was the only evidence in behalf of the people. They testified that in a room of a building occupied by defendant’s saloon, and connected with the saloon by a hall way, they found the two women named in the information, and a man, drinking beer. Mrs. Walker, the wife of the defendant, testified that the room in question and certain others adjacent, were the living rooms of the family, and that this particular-room was used as an eating room or restaurant; that the upper story of the building was divided into rooms which were in her charge, and were let to lodgers, and from which entrance was had to this room by a stairway; that meals were served in it for these lodgers, and for the servants and others; that the two women lived in the house, and were in her employ, one as a chambermaid to take care of the rooms upstairs, and the other to assist her in other matters; that on the occasion of the arrest, these women having finished their work, she asked rhem if they would like a glass of beer and a lunch, and upon their answering affirmatively, she brought two glasses of beer and set them on the table, and went to the ice box to get some cheese. While she was absent the officers had come, and when she returned the women had gone. As to the use of the rooms in the building, and the relation sustained by the women to her, she was *40 corroborated by her husband, the defendant; but he knew nothing about the beer and lunch she was serving to them. He also testified that the man who was in the room when the officers entered lodged in the house. There is nothing in the evidence to show that there was any connection between his presence in the room, and that of the women. The evidence for the defendant was uncontradicted, but lie was convicted.
If the information charges an offense, we do not think the evidence sufficient to sustain a conviction. The room described by the witnesses was not a wine room within the meaning of the law. To make it a wine room it must have been kept in connection with, or as a part of the saloon. The legislature evidently intended to designate a place which patrons of a saloon might use for private tippling purposes instead of drinking at the bar, and in which a portion of the business of the saloon should be carried on. But it was not shown that any liquor had ever been supplied to any person in this .room except in this solitary instance; nor does it appear that it was connected with the saloon or a part of it. It belonged to other portions of the house, used for entirely different purposes.
The keeping of a wine room, without more, is not a violation of the law. It is the keeping of the wine room, and permitting female persons to enter it from the outside, or from the saloon, and there supplying them with liquor, which together constitutes the offense. The prohibition does not extend to females indiscriminately. It is confined to those TVho come from without, gaining access either through an independent entrance or from the saloon. From the qualifying words used in the statute, we think it plain that the persons meant, to whom it is unlawful to supply liquor, in a wine room, are those from the outside, whose only business in the room is to patronize the saloon.
This information does not charge an offense under the statute, because it fails to state that the females who were ■supplied with liquor in the room in question belonged to the *41 prohibited class. The evidence fails to show that it was a wine room, and it was clearly proven that the women mentioned were servants employed and living in the house, taking their meals in this room, and were there upon the occasion specified by the invitation of their mistress. The law was not intended for a case of this kind, and there was nothing in the facts proven which constituted an offense either within its letter or its spirit. The court in instructing the jury followed the- information and not the law. The proceeding from its inception to the final judgment was erroneous. The information was bad, the instructions were bad, and upon the proof the defendant should have been acquitted.
The judgment is reversed.

JReversed.