[No. 5820.]

ELLIS v. THE PEOPLE.

1. Intoxicating Liquors—Wineroom in Connection with Saloon.

To make a room a wineroom within the provisions of 3 Mills' (Rev.) Stats., § 1346c (Sess. Laws '91, p. 315, § 1), prohibiting the keeping of a wineroom into which females are permitted to enter and be supplied with liquor, it must be kept in connection with or as a part of the saloon. The legislature evidently intending to designate a place which patrons might use for private tippling purposes instead of drinking at the bar, and in which a portion of the business of the saloon should be carried on.—P. 517.

2. Same—Evidence—Admissibility.

On the trial of a saloon-keeper for maintaining a wineroom in connection with a saloon, in violation of 3 Mills' (Rev.) Stats., § 1346c (Sess. Laws '91, p. 318, § 1), the action of the trial court in refusing evidence offered by the defendant, tending to show that the room charged to be a wineroom was a restaurant; that there were regular bills of fare; that there was a range in the back of the room for the purpose of cooking, and that edibles were displayed; and that the place was resorted to for the principal purpose of food rather than drink, constitutes reversible error.—P. 517.

*Error to the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

James K. Ellis was convicted of the offense of keeping and maintaining a wineroom in connection with a saloon, and he brings error.     *Reversed.*

Mr. DANIEL PRESCOTT, for plaintiff in error.

Mr. N. C. MILLER, attorney general, for the people.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiff in error was convicted in the county court of the city and county of Denver of the offense

of keeping and maintaining a wineroom in connection with a saloon. There are a number of errors assigned, but we shall consider only one, which disposes of the case. The defendant sought to prove, by a number of witnesses, the character of the room which, it was charged, was a wineroom. The object of this proof was to show that the room was a restaurant or chile parlor, and had no connection with the saloon, except for the purpose of supplying the patrons of the restaurant with liquors in case they were ordered.

The court of appeals said:

"To make it a wineroom, it must have been kept in connection with or as a part of the saloon. The legislature evidently intended to designate a place which patrons of a saloon might use for private tippling purposes instead of drinking at the bar, and in which a portion of the business of the saloon should be carried on."—*Walker v. People*, 5 Colo. App. 40.

We think this definition of the wineroom prohibited by the statute—section 1, Session Laws of 1891, page 315—is correct. If it is, the defendant was entitled to more liberty in the introduction of testimony which would tend to show the character of the room, which it was alleged he kept as a wineroom, than was accorded him. The court did permit some testimony tending to show the character of the room, but this was mostly on the part of the prosecution. It excluded much of the testimony offered by defendant for the purpose of showing the character of the room and its connection with the saloon and the manner in which the business of the apartment was carried on. It was attempted to be shown that there were regular bills of fare, that there was a range in the back of the room for the purpose of cooking, and that edibles were displayed; and that the place was

resorted to for the principal purpose of procuring food rather than drink. This was excluded, and, in this, the court erred, and the error was prejudicial to the defendant. The cause will, therefore, be reversed.                              *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.